785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT E. RILEY, Plaintiff-Appellant
v.
CITY OF DETROIT; BUILDINGS AND SAFETY DEPT.; FORESTRY DEPT.
OF PARKS & REC.; DEPT. OF PUBLIC WORKS ENVIRONMENTAL
CONTROL; DEPT. OF PUBLIC HEALTH; HISTORIC BOSTON-EDISON
ORGANIZATION; CORPORATION COUNSEL-CITY OF DETROIT; MAYOR
COLEMAN YOUNG; 36TH DISTRICT COURT; THOMAS PELOSO, RICHARD
DUBEN; ALAN CICOTTE; MRS. WENDELL COX; ISAAC STEINBERG; MRS.
DELFORD WILLIAMS; SHARI LLEWELLYN; RALPH OSBORNE; MRS.
AUDREY CHAMBLIS; JOHN AND JANE DOES 1-100; DETROIT DISTRICT
HISTORIC COMM.; DET. HISTORIC DESIGNATION ADVISORY BD.;
GEORGE MATISH; WILLINARD BANKS; WILLIAM BEECH; MARILYN H.
MITCHELL; DR. EDITH KOVACHS; MAYORS COMMITTEE TO KEEP
DETROIT BEAUTIFUL; J.J. HALL; MILTON HARRIS; AND RONALD
CARMONA, Defendants-Appellees.
 85-1387
 United States Court of Appeals, Sixth Circuit.
 1/30/86
 
 ORDER
 BEFORE: KENNEDY, MILBURN and RYAN, Circuit Judges.
 
 
 1
 This appeal is before the court for sua sponte consideration of a jurisdictional defect. Rule 9(a), Rules of the Sixth Circuit. Riley appealed from the district court's order granting summary judgment in favor of the defendant Historic Boston-Edison Association. Because this order did not dispose of the claims of all of the parties, it was not a final order under Rule 54(b), Federal Rules of Civil Procedure. Riley did request injunctive relief against the Association, but the Supreme Court has held that a litigant must show more than that an order has a practical effect of refusing an injunction before appellate jurisdiction arises. The litigant must show that the order has serious, perhaps irreparable, consequences. Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981).
 
 
 2
 Here Riley alleges that city officials entered his property and cut down his trees. While these allegations show irreparable consequences regarding the city officials, Riley's allegations do not show that the Association had any direct involvement in the cutting of the trees. Rather, the allegations merely involve the Association as conspirators regarding the action. Therefore, Riley has not shown irreparable consequences regarding the Association entitling him to conduct this interlocutory appeal.
 
 
 3
 Moreover, even if this Court found that the order was appealable, Riley's notice of appeal was not timely filed. Riley filed two motions to amend the order granting summary judgment to the Association. The first motion was served 12 days after the order was entered. It was therefore untimely and could not extend the time in which to file a notice of appeal. Rule 59(e), Federal Rules of Civil Procedure; Peake v. First National Bank, 717 F.2d 1016, 1019 (6th Cir. 1983). Riley argues that he was entitled, under Rule 6(e), Federal Rules of Civil Procedure, to three extra days for service of his motion. However, Rule 6(e) does not apply to motions to amend judgment because the time period runs from the entry of judgment, not the service of notice of the entry. Welsh v. Elevating Boats, Inc., 698 F.2d 230, 231-32 (5th Cir. 1983).
 
 
 4
 Finally, even if the first motion to amend was proper, Riley's notice of appeal would only be timely with regard to his second motion to amend. This Court has held that a successive motion for reconsideration (where the first motion was not granted) does not toll the time for taking an appeal. Reed v. Toledo Area Affirmative Action Program, 715 F.2d 253, 254 (6th Cir. 1983), cert. denied, 105 S.Ct. 1207 (1985). Therefore, this Court lacks jurisdiction over Riley's appeal.
 
 
 5
 The appeal is sua sponte dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.