815 F.2d 704
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry McKAY, Plaintiff-Appellant,
v.
Michael DUTTON, Amos L. Wilson, Cobb, GeorgeKeely, John
Downtown, and Sonny Wiese, Defendants-Appellees.
 No. 86-6282.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1987.
 
 Before ENGEL, KRUPANSKY and GUY, Circuit Judges.
 
 ORDER
 
 1
 Appellant has responded to this Court's order to show cause why this appeal should not be dismissed as untimely filed.
 
 
 2
 On September 25, 1986, the district court entered an order dismissing appellant's civil rights action. On October 11, 1986, appellant served a motion for rehearing properly construed as a motion under Rule 59(e), Federal Rules of Civil Procedure. See Huff v. Metropolitan Life Ins. Co., 675 F.2d 119 (6th Cir.1982). The motion did not toll the time for filing a notice of appeal because it was not served within 10 days of entry of judgment. Rule 59(e), Federal Rules of Civil Procedure; Rule 4(a)(4), Federal Rules of Appellate Procedure; Myers v. Ace Hardware, 777 F.2d 1099 (6th Cir.1985). The notice of appeal, filed December 9, 1986, is 43 days late.
 
 
 3
 In the response to show cause order, appellant argues that Rule 6(e), Federal Rules of Civil Procedure, allows three days to be added to a prescribed period when a party is required to act or take action with a prescribed period of time after the service of a paper and the paper is served by mail. Rule 6(e) is inapplicable to the case herein. The three day extension applies only when a party is required to act within a prescribed period of time after service of a paper on that party and the paper is served by mail. The 10 day period in which to serve a time-tolling motion is contingent upon the date of entry of judgment, not the date of service. Rule 4(a), Federal Rules of Appellate Procedure. Myers, supra.
 
 
 4
 Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither extend nor waive. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983). This appeal is dismissed for lack of jurisdiction because the notice of appeal was untimely filed. Rule 9(b)(1), Rules of the Sixth Circuit.