FHC EQUITIES, L.L.C., Plaintiff–Appellant,

v.

MBL LIFE ASSURANCE CORPORA-TION, a New Jersey Corporation, Defendant–Appellee.

Nos. 97–1736, 97–2115.

United States Court of Appeals, Sixth Circuit.

Argued (97–2115): Dec. 18, 1998.

Decided and Filed: Aug. 18, 1999.

Rehearing Denied Sept. 14, 1999.

H. Nathan Resnick (argued and briefed), Liegh Dones Moss (briefed), Resnick & Associates, W. Bloomfield Hills, Michigan, for Plaintiff–Appellant.

Alan M. Greene (briefed), Marilyn A. Peters (argued and briefed), Dykema Gossett PLLC, Bloomfield Hills, Michigan, for Defendant–Appellee.

Before: NORRIS and BATCHELDER, Circuit Judges; WISEMAN,* District Judge.

## OPINION

BATCHELDER, Circuit Judge.

This is an appeal of a dispute concerning a purchase agreement for the sale of land brought pursuant to diversity jurisdiction. The district court granted summary judgment and entered a final judgment for the Defendant–Appellee, MBL Life Assurance

* The Honorable Thomas J. Wiseman, Jr., United States District Judge for the Middle Dis-

Corp., on April 11, 1997, denied FHC Equities' ("Plaintiff's") Rule 59(e) motion on June 10, 1997, and denied Plaintiff's Rule 60(b) motion on October 1, 1997. On December 8, 1998, this court dismissed Plaintiff's direct appeal and its appeal from the denial of its Rule 59(e) motion for lack of jurisdiction [Case No. 97–1736]. We will explain the reasoning for that decision herein. In addition, we **AFFIRM** the district court's denial of Plaintiff's Rule 60(b) motion [Case No. 97–2115].

## I. PROCEDURAL HISTORY

On April 11, 1997, the district court granted summary judgment and entered a final judgment for the Defendant. On April 28, 1997, the Plaintiff filed a Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P. 59(e). The district court considered the motion and denied it on the merits by order entered June 10, 1997, ruling that the Plaintiff had presented no new issues that would entitle it to relief under Rule 59(e).

Plaintiff filed a notice of appeal from the April 11th judgment on July 1, 1997 [Case No. 97–1736], within 30 days of the court's denial of the Rule 59(e) motion, but not within 30 days of the entry of the April 11 judgment. The Defendant filed a Motion to Dismiss the Appeal for lack of subject matter jurisdiction, arguing that because the Rule 59(e) motion was untimely, it did not toll the time for appeal and thus, the appeal was untimely.

After the first appeal was filed, the Plaintiff filed a motion for relief under Fed.R.Civ.P. 60(b)(1) in the district court, arguing that Plaintiff's attorney mistakenly interpreted the federal rules, believing that Rule 6(e) extended by three days the time for filing a Rule 59(e) motion. The district court denied the motion and the Plaintiff filed a timely appeal from that decision [Case No. 97–2115].

trict of Tennessee, sitting by designation.

## II. CASE NO. 97–1736— Rule 59(e) Motion

Before oral argument, the panel granted the Defendant's motion to dismiss the first appeal, No. 97–1736, as untimely, noting that a single opinion resolving both appeals would follow. We now explain why the Plaintiff's appeal in Case No. 97–1736 was untimely and thus, divested this Court of subject matter jurisdiction.

■ A timely filing of a notice of appeal is mandatory and jurisdictional. *Browder v. Director, Dep't of Corrections of Ill.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Myers v. Ace Hardware, Inc.*, 777 F.2d 1099, 1102 (6th Cir.1985). A notice of appeal in a civil case "must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from." FED. R.APP. P. 4(a). Plaintiff–Appellant does not dispute that its first notice was *not* filed within 30 days of the entry of the April 11 judgment. Instead, Plaintiff argues that the Motion to Alter or Amend the Judgment tolled the time for filing an appeal and therefore, the notice was timely because it was filed within 30 days of the district court's disposition of that motion.

■ A *timely* motion under Rule 59 will toll the time for appeal until the court rules on the motion.[1] FED. R.APP. P. 4(a)(4). However, if a Rule 59 motion is not timely filed, it does not toll the time for appeal. *Browder*, 434 U.S. at 264–65, 98 S.Ct. 556 (holding that an undesignated motion, construed as either a motion for a new trial under rule 59(a) or a motion to alter or amend the judgment under rule 59(e), filed 28 days after the district court entered judgment, did not toll the time for appeal even though the district court considered the merits of the motion); *see also Rhoden v. Campbell*, 153 F.3d 773, 773–74

(6th Cir.1998) (holding that an untimely filed Rule 59(e) motion does not toll the time for appeal and the district court could not enlarge that time by granting an extension of time to file the motion).

Rule 59(e) provides that a motion to alter or amend the judgment "shall be filed no later than 10 days after entry of the judgment." FED.R.CIV.P. 59(e). In an actual count of days, Plaintiff filed the motion 17 days after the entry of judgment (April 11 to April 28). However, the Rules provide that when the time period for filing a motion is less than 11 days, we must exclude intermediate holidays, Saturdays, and Sundays. FED.R.CIV.P. 6(a). Here, the judgment was filed on Friday, April 11; when we exclude the holidays, Saturdays, and Sundays, we arrive at Friday, April 25, as the last day on which the Rule 59(e) motion could be filed. Plaintiff filed its motion on Monday, April 28, 1997, one day late.

■ Plaintiff argues that the motion was timely filed because FED.R.CIV.P. 6(e) allows an extra three days for filing in some situations. That rule provides:

**(e) Additional Time After Service by Mail.**

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed time period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

FED.R.CIV.P. 6(e).

Plaintiff attempts to analogize several cases to the case at bar, but neglects to mention that every court that has considered *this precise issue* (including this Court in unpublished opinions[2]), has re-

---

1. Specifically, Fed. R.App. P. 4(a)(4) provides:

    If any party files a *timely* motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a

*timely* motion under the Federal Rules of Civil Procedure: ... (C) to alter or amend the judgment under Rule 59....
FED. R.APP P. 4(a)(4) (emphasis added).

2. *McKay v. Dutton*, No. 86–6282, 1987 WL 36795, at *1 (6th Cir. Mar. 16, 1987) (unpub-

jected the Plaintiff's argument. *See, e.g., Halicki v. Louisiana Casino Cruises, Inc.,* 151 F.3d 465, 467–68 (5th Cir.1998); *Parker v. Board of Public Utilities of Kansas City, Kan.,* 77 F.3d 1289, 1290–91 (10th Cir.1996); *Derrington–Bey v. District of Columbia Dep't of Corrections,* 39 F.3d 1224, 1225–26 (D.C.Cir.1994); *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 870–71 (3d Cir.1994); *Flint v. Howard,* 464 F.2d 1084, 1087 (1st Cir.1972); *Davis v. Lukhard,* 106 F.R.D. 317, 318 (E.D.Va.1984); *see also* 1 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 6.05[3], at 6–35 (3d ed. 1998) ("Rule 6(e) does not apply to time periods that begin with the filing in court of a judgment or order. Thus, Rule 6(e) does not apply to the 10–day period that runs from entry of judgment for moving to alter or amend judgment pursuant to Rule 59(e)."); *cf. Cavaliere v. Allstate Ins. Co.,* 996 F.2d 1111, 1113 (11th Cir.1993) (relying on cases interpreting Rule 6(e) in relation to Rule 59(e) to hold that extension of time under Rule 6(e) does not apply to filing a motion for a new trial under Rule 59(a); language of time limits under Rules 59(b) and 59(e) is identical); *Shults v. Henderson,* 110 F.R.D. 102, 104–05 (W.D.N.Y.1986) (same).

■ We think the D.C. Circuit has correctly explained why the extension in Rule 6(e) does not apply to Rule 59(e) motions:

Mere quotation of Rule 6(e) shows why it is inapplicable to Rule 59(e) motions. The period for filing a Rule 59(e) motion does not—in the words of Rule 6(e)—begin with "service of a notice." True, the clerk of the district court must "immediately" serve by mail a notice of the entry of a judgment (Fed.R.Civ.P. 77(d)). But the critical point for measuring the timeliness of a Rule 59(e) motion is not the date of service, nor is it the date of the court's order. The 10 days allowed by Rule 59(e) begin with the clerk's ministerial act of entering the court's judgment is a "book"—today, often in the form of an automated system—"known as the 'civil docket'" (Fed. R.Civ.P. 79(a)).... To be sure, 10 days for preparing and serving a motion to alter or amend a judgment, even 10 working days, is not much time. Yet there is no doubt that strict compliance is required. District courts do not have even the customary discretion given by Fed.R.Civ.P. 6(b) to enlarge the Rule 59(e) period.... The period is to be kept short presumably because a timely Rule 59(e) motion deprives the judgment of finality.

*Derrington–Bey,* 39 F.3d at 1225 (citations omitted). The Plaintiff cannot point us to one court that has considered this issue and accepted the argument that Rule 6(e) extends the 10 day time limit for filing a motion under Rule 59(e). In addition, the cases cited by Plaintiff are wholly inapposite.[3] Therefore, we adopt the reasoning of the numerous other courts which have found Fed.R.Civ.P. 6(e) inapplicable to motions filed pursuant to Fed.R.Civ.P. 59(e).

■ Finally, we note that the fact that the district court ruled on the merits of the

lished); *Riley v. City of Detroit,* No. 85–1387, 1986 WL 16015, at *1 (6th Cir. Jan. 30, 1986) (unpublished).

3. Plaintiff relies on several cases that have applied Rule 6(e)'s extension of time to interlocutory orders of district court judges or magistrates' reports or orders. None of these cases is apposite here. *See Bell & Howell Acceptance Corp. v. Wolverine Mailing, Packaging, Warehouse, Inc.,* 107 F.R.D. 116, 117–18 (E.D.Mich.1985) (Rule 6(e) applies to pleadings filed under Rule 15(a)); *Thompson v. Rose,* 505 F.Supp. 183, 184 (W.D.Tenn. 1981) (Because magistrate's report was transmitted to parties by mail, Rule 6(e) permits additional time for filing objections to the report); *Nalty v. Nalty Tree Farm,* 654 F.Supp. 1315, 1317–18 (S.D.Ala.1987) (same); *Peete v. American Standard Graphic,* 885 F.2d 331, 331 (6th Cir.1989) (Purpose of Rule 6(e) is "to protect parties who are served notice by mail from suffering a systematic diminution of their time to respond.") None of these cases involves a federal rule that specifies that the time the rule prescribes begins to run when the judgment is entered.

motion does not make the motion or the appeal timely. *Denley v. Shearson/American Express, Inc.,* 733 F.2d 39 (6th Cir. 1984), *superseded by statute as stated in Arnold v. Arnold Corp.,* 920 F.2d 1269 (6th Cir.1990). Although a separate holding in *Denley* was superseded by statute, the holding regarding the issue at hand is still good law. In *Denley,* this Court reviewed a case where a party filed an untimely Rule 59(e) motion and the district court ruled on the merits of the motion. *Id.* at 41. This Court held that the fact "[t]hat the District Court nonetheless considered the [untimely Rule 59(e)] motion cannot affect the timeliness of the appeal; the District Court is without power to enlarge the time for making Rule 59(e) motions. Fed.R.Civ.P. 6(b)." *Id.*

### III. CASE NO. 97–2115— Rule 60(b) Motion

■ The district court had jurisdiction to consider Plaintiff's Rule 60(b) motion, even though a district court generally loses jurisdiction once a party files a notice of appeal. *Lewis v. Alexander,* 987 F.2d 392, 394 (6th Cir.1993). As this Court held in *Lewis,* the district court retains jurisdiction when the notice of appeal is untimely, because the appellate court lacks the jurisdiction to rule on the merits of the appeal. *Id.* at 395.

■ In this case, Plaintiff sought relief from judgment based upon Rule 60(b)(1) which allows a court to relieve a party from a final judgment based on mistake, inadvertence, surprise, or excusable neglect. FED.R.CIV.P. 60(b)(1). "It is well settled that the [ruling on] a motion to set aside judgment under Rule 60(b)(1) is a matter addressed to the sound discretion of the trial court, and that determination will not be reversed except for abuse of discretion." *Lewis,* 987 F.2d at 396 (quoting *In re Salem Mortgage Co.,* 791 F.2d 456, 459 (6th Cir.1986)).

■ The only basis the Plaintiff cites for relief under Rule 60(b) is that the original notice of appeal was untimely filed because of a mistaken interpretation of the Federal Rules and substantial efforts were made to comply with those Rules. In support of its argument, Plaintiff merely cites Rule 60(b) and our decision in *Lewis v. Alexander,* 987 F.2d 392 (6th Cir.1993), and reiterates its argument with regard to the timeliness of the original notice of appeal. Essentially, Plaintiff argues that because it could make an argument that the original appeal was timely, the appeal's actual untimeliness, as later determined by an appellate court, would constitute inadvertence, mistake, or surprise.

■ In *Lewis,* this Court addressed the issue of "whether the district court may grant relief from judgment under FED.R.CIV.P. 60(b) for the sole purpose of re-entering the same judgment at a later date, thereby making an untimely appeal timely." *Id.* at 394. The panel first recognized that a Rule 60(b) motion is "not normally available to relax the appeals period and extend that period outside the time prescribed by FED. R.APP. P. 4(a)(5)." *Id.* at 396. However, the court noted that certain circumstances warrant relief. *Id.* The Court must first determine whether the late appeal resulted from one of the enumerated reasons listed in Rule 60(b). *Id.* Then, the court must find "a lack of prejudice to the respondent, prompt filing of the motion after actual notice, and due diligence, or sufficient reason for the lack thereof, by counsel in attempting to comply with the time constraints of FED. R.APP. P. 4(a)." *Id.*

In *Lewis,* the appeal was late because the attorney mailed the notice of appeal three days before the appeal period expired, but it was not docketed until four days after the time for taking an appeal expired. *Lewis,* 987 F.2d at 394. When the appellant's attorney received his time-stamped copy, apparently he misread the date stamp and did not realize that the appeal had been untimely docketed until after the expiration of the time in which he could request an extension of time to ap-

peal under Rule 4(a)(5). *Id.* This Court found that the district court did not abuse its discretion in finding that the late appeal resulted from mistake. *Id.* at 396–97. However, the Court was careful to rule that the mistake was "attributable to either the Clerk's Office or the postal service" because the attorney had diligently attempted to comply with the rules by mailing the motion three days before the deadline. *Id.* at 397.

Other courts, however, have roundly disagreed with that decision and argue that the panel did not address Fed. R.App. P. 4(a)(6),[4] which governs the district court's discretion to extend the time for appeals when parties fail to find out about final judgments and allows extensions of time for appeals. *See Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994) ("We do not know why the [Sixth Circuit in *Lewis*] did not mention Fed. R.App. P. 4(a)(6), but, given the absence of any discussion of that section, we decline to follow the holding of that case.").

Plaintiff claims that the circumstances here are similar to the situation in *Lewis*, because the late appeal in this case resulted from his attorney's misinterpretation of Rule 6(e)'s application to motions filed under Rule 59(e). Plaintiff explains that his attorney had recently researched the applicability of Rule 6(e) to Rule 72(a), the rule governing the filing of objections to a magistrate's order. Both Rule 72(a) and Rule 59(e) involved a 10–day time limit, Plaintiff argues, and therefore, his attorney reasonably believed that Rule 6(e) would apply to both. In addition, Plaintiff argued to the district court that because this was an issue of first impression in this Circuit, it was reasonable for Plaintiff's attorney to conclude that Rule 6(e) applies to rule 59(e). Plaintiff concludes that his

counsel's error may properly be redressed through application of Rule 60(b).

Plaintiff does not point us to a single case, however, which holds that attorney misinterpretation of the law can constitute "mistake" under Rule 60(b)(1). The best Plaintiff can do is to lament that his attorneys had three cases they viewed as analogous to the issue of Rule 6(e)'s application to Rule 59(e), and felt since there was no Sixth Circuit opinion on point, the issue of whether Rule 6(e) applied to Rule 59(e) was at least a gray area. However, none of the Plaintiff's cases dealt with Rule 59 and none were Sixth Circuit cases. If the Plaintiff's attorneys could find these "analogous" cases from other jurisdictions, it would seem reasonable that they could find the numerous cases *directly on point* from other Circuits which hold that Rule 6(e) does not apply to motions under Rule 59(e).

In addition, Plaintiff's counsel's reliance upon his earlier research with regard to Fed.R.Civ.P. 72(a) is not reasonable because the language employed in that rule is significantly different from Rule 59(e). Rule 72(a) states: "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order." FED.R.CIV.P. 72(a). Obviously, this situation falls within Rule 6(a)'s ambit of when a rule requires actions within a particular time period after the service of a notice on a party, whereas Rule 59(e) runs from entry of judgment.

Although the Plaintiff cites many cases for the proposition that Rule 60(b) should be read broadly, none of the cases is directly on point; none of those cases addresses an attorney's mistaken interpretation of the law. *See, e.g., Wallace v.*

4. Fed. R.App. P. 4(a)(6) states:

> The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed with-

> in 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

FED. R.APP. P. 4(a)(6).

*McManus,* 776 F.2d 915, 916–17 (10th Cir.1985) (clerk mistakenly sent notice of the grant of summary judgment to the defendant's former attorney who had withdrawn four months prior to judgment and defendant failed to learn of the judgment within time to appeal); *Rodgers v. Watt,* 722 F.2d 456, 457, 460–61 (9th Cir. 1983) (en banc) (clerk failed to notify parties of the judgment and docket sheet entries were listed out of order; relief from judgment requires (1) absence of Rule 77(d) notice, (2) lack of prejudice to respondent, (3) prompt filing of motion after notice, and (4) due diligence of counsel in attempting to be informed of date of decision); *Buckeye Cellulose Corp. v. Braggs Elec. Constr. Co.,* 569 F.2d 1036, 1038–39 (8th Cir.1978) (per curiam) (clerk failed to notify parties of judgment and "counsel at all times acted diligently" after being notified of the judgment); *Staren v. American Nat'l Bank & Trust Co. of Chicago,* 529 F.2d 1257, 1263 (7th Cir. 1976) (Federal Rules are to be liberally construed and amendments pursuant to Rule 15(c) should be freely allowed).

On the other hand, Plaintiff seems to have missed the cases in which the alleged "mistake" was the attorney's misinterpretation of the law or a strategy decision, and the courts have found that Rule 60(b)(1) does not afford relief from judgment. For example, in *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356–57 (5th Cir.1993), counsel argued that Rule 60(b)(1) relief should be granted because counsel believed, after a hearing on a different issue, that the court had suspended the requirement that his client respond to a motion until after a period of discovery. *Id.* at 354–55. Finding that counsel's misunderstanding was unreasonable in light of the hearing transcript, the Fifth Circuit noted:

> Denial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse of discretion when the proffered justification for relief is the "inadvertent mistake" of counsel. Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. . . . In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness or misapprehension of the law or the applicable . rules of court.

*Id.* at 356–57 (footnotes omitted); *see also Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038, 1044 (9th Cir.1992) ("[C]ounsel's ignorance of the statute that governs labor law disputes between a railway worker and his or her employer does not constitute excusable neglect."); *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 607 (7th Cir.1986) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).") The court relied on *Link v. Wabash R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) for the proposition that:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, yet he cannot now avoid the consequences of the acts or omissions of this freely-selected agent. Any other notion would be wholly inconsistent with our system of representative litigation. . . .

*Id.* at 608–09, 82 S.Ct. 1386; *Nemaizer v. Baker,* 793 F.2d 58, 62 (2d Cir.1986) Counsel stipulated to voluntary dismissal of state claim with prejudice, apparently not realizing that res judicata from the stipulation would also bar a federal claim based on the same cause of action. Rule 60(b) relief was not appropriate based upon the attorney's genuine mistaken interpretation of the law. Specifically, the Second Circuit found that other courts have

> consistently declined to relieve a client under subsection (1) of the "burdens of a

final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court...."

More particularly for our purposes, an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment.

*Id.* at 62; *Smith v. Stone*, 308 F.2d 15, 17–18 (9th Cir.1962) (attorney's failure to file responses to motion for summary judgment, as required by local rules, and failure to notify court or appear at hearing was not excusable inadvertence or neglect under Rule 60(b)).

Another case in which the procedural posture is strikingly similar to the case at bar comes from the district court in Michigan, albeit the Western Division, rather than the Eastern, from whence the appeal before us here has come. That case, *Peake v. First Nat'l Bank & Trust Co. of Marquette*, 101 F.R.D. 544, 545–46 (W.D.Mich.1984), holds that attorney error in interpreting the Federal Rules does not constitute "excusable neglect" under Rule 60(b). In *Peake*, the court granted summary judgment for the defendants and instead of filing an immediate notice of appeal, plaintiff's attorney filed an untimely Rule 59(e) motion. *Id.* at 544–45. The attorney had an associate research whether an untimely motion under Rule 59 would toll the time for appeal. *Id.* at 545. The opposing party filed a brief opposing the Rule 59(e) motion, claiming that the motion was untimely and should be denied. *Id.* However, because the plaintiff's attorney continued to believe, based on his associate's research, that the untimely motion would toll the time for appeal, the time period within which he could file for an extension of time to appeal expired. *Id.* After the district court ruled that the 59(e) motion was untimely, the plaintiff sought relief from judgment under Rule 60(b)(1) based on the attorney's misinter-

pretation of the Federal Rules. *Id.* The court flatly rejected the argument, stating:

> [T]he conclusion reached by the associate [that an untimely Rule 59(e) motion would toll the time for appeal] was incorrect. The associate failed to spend enough time to carefully research the problem. [The plaintiff's attorney's] reliance upon his associate falls considerably below the requirement that only "unique or extraordinary circumstances" are required to constitute "excusable neglect."

> .     .     .     .     .

> [W]e have in this case a conscious decision made by an attorney based upon ignorance of the law. This is not a unique or unusual set of circumstances. No errors by outside parties, such as court clerks, are involved. We have nothing more than a classic example of attorney error. My reading of the cases convinces me that the federal courts are practically unanimous in holding that, under these circumstances, attorney error is not "excusable neglect."

*Id.* at 546, 546–47.

As was the case in *Peake*, Plaintiff's attorney admitted that he knew that the question of Rule 6(e)'s applicability to Rule 59(e) was *at best* a gray area. Thus, although the Sixth Circuit had yet to rule on the issue in a *published* opinion, he must have been aware that every other circuit had ruled Rule 6(e) inapplicable to Rule 59(e) and hornbooks had also accepted this conclusion as sound and unquestioned. The error here is no different from the attorney's error in *Peake*.

The Fifth Circuit has recently addressed almost the precise issue before us. In *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465 (5th Cir.1998), the appellant's attorney also filed an untimely motion under Rule 59(e), believing that Rule 6(e) extended the time for filing the motion by three days. *Id.* at 467. After the opposing party objected to the untimely motion, the appellant moved for enlargement of

time for filing a notice of appeal under Fed. R.App. P. 4(a)(5) because of "excusable neglect." *Id.* Appellant also argued that the district court should construe the Rule 59(e) motion as a Rule 60(b) motion for relief from judgment. *Id.* The district court denied appellant's Rule 59(e), Rule 4(a)(5), and Rule 60(b) motions. *Id.* The Fifth Circuit found that Rule 6(e) did not apply to Rule 59(e) motions and that the attorney's failure to file the appeal timely did not constitute excusable neglect. *Id.* at 468, 470. Significantly, the court noted that the appellant's attorney must not have been aware of "the plain language of the rules, well-settled hornbook law, and [the fact that] every other circuit to address the issue had rejected the applicability of rule 6(e) to rule 59(e)." *Id.* at 467. The court reasoned that:

> [w]here, as here, the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable. Were it otherwise, "almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline."

*Id.* at 470 (quoting *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir.1997)). The court then noted that Rule 60(b) is "not a substitute for a timely appeal. Courts should not grant relief when the moving party has not been diligent in protecting its own rights by filing an appeal from an adverse judgment." *Id.* at 471 (quoting 12 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.22[2], at 60–67 (3d ed.1998)).

If an attorney's misinterpretation of rules constitutes "mistake" justifying the setting aside of a judgment under Rule 60(b) to permit a second bite at the appeal apple, the requirements and limitations of Fed. R.App. P. 4 are meaningless. The district court did not abuse its discretion in refusing to rule that the attorney's misinterpretation of the rules was a "mistake" within Rule 60(b).

This Circuit has previously held that: "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir.1986) (quoting *Federal's, Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir.1977)). Where counsel makes "a deliberate choice to rely on one legal theory," the party cannot thereafter attempt to "be relieved of the consequences of that conscious decision" should the theory prove to be unsuccessful. *Id.* Plaintiff's counsel made a deliberate choice to rely on his doubtful interpretation of Rules 6(e) and 59(e), even though he could have fully preserved his client's rights by filing the Rule 59(e) motion one day earlier or by going ahead and filing a notice of appeal and amending it after the district court ruled on the Rule 59(e) motion. *See* FED. R.APP. P. 4(a)(4) (providing for a procedure of amending a previously filed notice of appeal after the district court rules on a post-judgment motion).

## IV.  CONCLUSION

For the foregoing reasons, the Plaintiff's appeal in case number 97–1736 is **DISMISSED** for lack of subject matter jurisdiction and the district court's decision in Plaintiff's appeal number 97–2115 is **AFFIRMED.**