UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ERNIE DAVID RUSS, Personally and
on behalf of the Estate of L. Bailey
Russ (deceased), and Edna Russ
(deceased),

*Plaintiff-Appellant,*

v.

JOHN B. HEWETT; TED C. RIVENBARK,
JR.; LARRY W. GODWIN; ROBERT C.
COCHRAN; JERRY BATTEN; CHARLES
M. HUSKEY; RALPH E. MILLER;
JIMMY JOHNSON; JAMES C. KEARNEY;
LA VERNE AUSMAN; JIM ROOT;
PATRICK V. DENTON; ANN STONE
NELMS; LOU ANN KLING; UNKNOWN
BOARD, personally and where
applicable, and corporately; ROBERT
E. WARD; IVAN V. BENNETT; ELON
KING; ROBERT E. SMITH; JOHN KOPP;
HULAN E. GRISSETT; ELWOOD
FULFORD; WENDEL J. SMITH; WAYNE
GRISSETT,

> No. 02-2270

*Defendants-Appellees,*

and

RICHARD M. STERNS; WARREN KNOX,
*Defendants.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CA-01-175-7-F)

Submitted: June 23, 2003

Decided: July 10, 2003

Before WILKINSON and NIEMEYER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

---

**COUNSEL**

Seth A. Neyhart, EVERETT & EVERETT, Durham, North Carolina,
for Appellant. Frank D. Whitney, United States Attorney, Anne M.
Hayes, Paul Martin Newby, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Ernie David Russ seeks to appeal the district court's order substi-
tuting the United States for the individually named federal defendants
in his complaint and dismissing all claims pursuant to Fed. R. Civ. P.
12(b)(6). He also appeals the district court's order denying reconsid-
eration of that order.

Initially, the Government asserts we lack jurisdiction to review the
district court's June 12, 2002, dismissal order because the notice of

appeal was untimely as to that order and because Russ's motion for reconsideration did not toll the deadline for filing a notice of appeal because the motion for reconsideration was untimely. A motion to alter or amend judgment under Rule 59(e) "shall be filed no later than 10 days after entry of the judgment." The district court entered its order dismissing the amended complaint on Wednesday, June 12, 2002. In accordance with Rule 6(a), Russ had until Wednesday, June 26, 2002, to file a Rule 59(e) motion. Russ filed his motion for reconsideration on Friday, June 28, 2002. Russ asserts he should have been allowed an additional three days pursuant to Fed. R. Civ. P. 6(e) because the notice of judgment was mailed to him. We reject Russ's argument because Rule 59(e) provides that the ten-day time period runs from the entry of the judgment, rather than from the service of notice of the judgment. *See FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 681-82 (6th Cir. 1999). Thus, the motion for reconsideration did not toll the period for filing an appeal of the underlying judgment. Accordingly, the notice of appeal was not timely as to the June 12 order, and we dismiss the appeal as to that order.

Russ's appeal is timely as to the district court's denial of his subsequent motion for reconsideration, which is essentially a Fed. R. Civ. P. 60(b) motion. We review the denial of a Rule 60(b) motion for abuse of discretion. *See NOW v. Operation Rescue*, 47 F.3d 667, 669 (4th Cir. 1995). We have reviewed the record and conclude the district court's denial of Russ's motion for reconsideration did not constitute an abuse of discretion. Accordingly, we affirm the district court's denial of Russ's motion for reconsideration.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*