**Louis MERRIWEATHER,
Plaintiff–Appellant,**

v.

**Reginald A. WILKINSON, et al.,
Defendants–Appellees.**

No. 03–3521.

United States Court of Appeals,
Sixth Circuit.

Nov. 25, 2003.

Louis Merriweather, pro se, Chillicothe, OH, for Plaintiff–Appellant.

Robert C. Angell, Office of the Attorney General, Columbus, OH, for Defendant–Appellee.

Before KENNEDY, MARTIN, and MOORE, Circuit Judges.

## ORDER

Louis Merriweather, an Ohio prisoner proceeding pro se, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 13, 2002, Merriweather filed a complaint against Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Larry Yoder, ODRC Assistant Chief Inspector; Cheryl F. Jorgensen–Martinez, ODRC Chief Inspector; and numerous ODRC officials employed at the Southeastern Correctional Institution. Relying upon the First, Eighth, and Fourteenth Amendments, Merriweather asserted various claims against the defendants, including denial of access to the court, unprofessional prison staff, denial of due process in connection with his disciplinary convictions and deprivation of personal property, unconstitutional placement in administrative segregation, and denial of a prison job through Ohio Prison Industries.

Upon initial screening of the complaint pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2) and 1915(A), a magistrate judge filed a report recommending dismissal of the complaint for failure to state a claim upon which relief may be granted. Although Merriweather filed a motion "to alter or amend complaint and recommendation/reconsideration" following the magistrate judge's report and recommendation, the district court determined that such document was an attempt to amend the complaint, rather than object to the report and recommendation. Therefore, having concluded that Merriweather did not object to the report and recommendation, the district court adopted the magistrate judge's report and recommendation and dismissed the case on July 8, 2002. Merriweather did not file a notice of appeal. Instead, on January 2, 2003, Merriweather filed a Fed.R.Civ.P. 60(b)(1) motion for relief from judgment, which the district court denied on February 4, 2003. On February 12, 2003, Merriweather filed a document which was construed as a notice of appeal. Because Merriweather's notice of appeal was timely only as to the district court's order denying his motion for relief from judgment, this court concluded that "[o]nly issues regarding the February 4, 2003 order may be raised on appeal."

We review the district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir.2001); *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir.1998). An appeal from an order denying a Fed.R.Civ.P. 60(b) motion does not bring up for review the underlying judgment disposing of the complaint. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Jinks*, 250 F.3d at 385. Rather, this court's inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998).

Federal Rule of Civil Procedure 60(b)(1) permits relief "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). In order to receive Fed.R.Civ.P. 60(b)(1) relief, the moving party must demonstrate both the existence of mistake, inadvertence, surprise, or excusable neglect and a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir.1980). Neither carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed.R.Civ.P. 60(b)(1). *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 685–87 (6th Cir.1999); *Saxion v. Titan–C–Mfg., Inc.*, 86 F.3d 553, 558 n. 1 (6th Cir.1996).

Upon review, we conclude that the district court did not abuse its discretion when it denied Merriweather's motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(1). In his motion for relief from judgment, Merriweather argued that he was entitled to relief based upon his own mistake and inadvertence when prosecuting his case. Merriweather essentially argued that his pro se status and lack of legal training excused him from filing both objections to the magistrate judge's report and recommendation and a timely notice of appeal from the district court's judgment adopting the report and recommendation. Under these circumstances, Merriweather was not entitled to relief under Fed.R.Civ.P. 60(b)(1) because he did not demonstrate the requisite mistake, inadvertence, surprise, or excusable neglect which are required to justify relief pursuant to that rule. *See FHC Equities, L.L.C.,* 188 F.3d at 685–87; *Saxion,* 86 F.3d at 558 n. 1; *Marshall,* 615 F.2d at 1160. Indeed, Merriweather has offered no valid reason to vacate the district court's judgment in favor of the defendants.

To the extent that Merriweather has attempted to appeal various rulings made during the course of the proceedings below, he is not entitled to relief under Fed.R.Civ.P. 60(b), as Fed.R.Civ.P. 60(b) may not be used as a vehicle to challenge the underlying judgment disposing of the complaint. *See Browder,* 434 U.S. at 263 n. 7, 98 S.Ct. 556; *Jinks,* 250 F.3d at 385.

Accordingly, the district court's order denying Merriweather's Fed.R.Civ.P. 60(b)(1) motion for relief from judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.