NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  13a1012n.06

Case No. 13-1435

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| C & L Ward Brothers, Co., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| Outsource Solutions, Inc., *et al.*, | ) | MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE:  SILER, COLE, and COOK, Circuit Judges.

**SILER**, Circuit Judge.  Appellant C & L Ward Brothers, Co. ("Ward") appeals a district court order that denied its motion for leave to amend, relief from judgment, and reconsideration. For the reasons stated below, we **AFFIRM** the decision of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Ward and Outsource Solutions entered into an agreement whereby Ward would pay Outsource Solutions to operate as its professional employer organization, providing Ward payroll, human resource, and tax-related services ("Co-Employment Agreement").  In September 2011, Ward terminated the contract, having discovered that Outsource Solutions allegedly retained hundreds of thousands of dollars in payments to which it was not entitled under the Co-Employment Agreement. While Ward considered the money an overcharge that needed to be

returned, Outsource Solutions interpreted the Co-Employment Agreement to authorize its retention of the subject money.

Although the dispute appears to concern contractual interpretation, Ward filed a complaint against Outsource Solutions alleging only tort and Racketeer Influenced and Corrupt Organizations Act ("RICO") claims in October 2011. Ward has explained that the decision to omit contract claims from the complaint was: (1) necessary, understanding the Co-Employment Agreement to require arbitration of contractual disputes, or (2) strategic, contending that the Co-Employment Agreement was not a contract. According to the latter explanation, Ward determined not to bring contract claims in order to prevent confusing the court by asserting antagonistic alternative theories.

Outsource Solutions moved to dismiss the complaint. It principally argued that the duties upon which the tort claims were based arose exclusively under the Co-Employment Agreement, a contract, so the tort claims were not cognizable under Michigan law. Further, Outsource Solutions maintained that the RICO assertions failed to state a claim under federal law. The district court agreed with Outsource Solutions' positions, granted the motion, and entered final judgment for Outsource Solutions.

Ward then submitted its contract claims to the American Arbitration Association. In response, Outsource Solutions petitioned the district court to reopen the case to enjoin the arbitration, contending that the doctrine of res judicata barred the contract claims and that the claims are non-arbitrable under the Co-Employment Agreement's arbitration provision. The district court denied the motion and suggested in its opinion that the arbitrator should also dismiss the arbitration. Days later, the arbitrator dismissed Ward's contract claims, considering

the claims non-arbitrable as outside the scope of the Co-Employment Agreement's arbitration provision.

Consequently, Ward filed a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2), relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h). The district court denied the motion. This order is the subject of the present appeal.

## DISCUSSION

Ward raises three issues. It contends that the district court erred in denying its request for leave to amend its complaint under Rule 15(a). Next, Ward argues that the district court erred in failing to grant relief from judgment under Rule 60(b) for mistakes present in the Dismissal Order and the Reopen Order. Finally, Ward asserts that the district court erroneously denied its request to reconsider or clarify the Reopen Order under Local Rule 7.1(h). We disagree.

## I. MOTION FOR LEAVE TO AMEND THE COMPLAINT

Ward claims that the district court should have granted its motion to amend the complaint brought in its Motion for Post-Judgment Relief, due to the liberal standard mandated by Rule 15, which states that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). We review a district court's denial of a motion for leave to amend for abuse of discretion. *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006).

The district court appropriately denied the Rule 15 motion, because, "[w]hen a party seeks to amend a complaint after an adverse judgment, it [] must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). Therefore, after the district court

Case No. 13-1435
*C & L Ward Bros., Co. v. Outsource Solutions, Inc., et al*

dismissed Ward's initial action, "the court must first reopen their case in order to grant leave to . . . submit an amended complaint." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008). After dismissing the case, the district court here never reopened the case pursuant to Rules 59 or 60, so it did not abuse its discretion in denying the Rule 15 motion. *Id.*

## II. MOTION FOR RELIEF FROM JUDGMENT

Ward next claims that the district court erred in denying its Rule 60 motion, in which Ward sought relief from judgment due to the district court's failure to address its motions for leave to amend. Under such circumstances, we will review the district court's decision for abuse of discretion. *See La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 485 (6th Cir. 2010) (reviewing the denial of leave for abuse of discretion, where the plaintiffs did not actually present a motion for leave to amend and the district court did not state why it declined to offer the plaintiffs the opportunity to amend); *Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 583 (6th Cir. 2004) (holding that typically, denials of Rule 60(b) motions are reviewed for abuse of discretion).

Because relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation," *Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992), the court will only grant Rule 60 relief under one of the circumstances enumerated in Rule 60(b), where the situation merits reopening the underlying case. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Rule 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Courts consider three factors assessing a Rule 60(b) motion: (1) culpability for the

adverse judgment, (2) prejudice to the opposing party, and (3) whether the underlying claim or defense is meritorious. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012).

Ward argues that the district court made a mistake when it failed to address Ward's requests for leave to amend the complaint in the Dismissal Order and the Reopen Order.[1] Following the *Yeschick* considerations, Ward contends that it was not culpable for the mistake; that reversing the district court's decision would not prejudice Outsource Solutions; and that Ward's contract claims are meritorious. In contrast, Outsource Solutions argues that Ward is responsible for not obtaining leave to amend the complaint, largely because Ward failed to properly move for such leave. The district court agreed with Outsource Solutions and denied the motion for Rule 60 relief.

The mistake Ward alleges relates to the absence of a ruling on the motions for leave to amend; denying leave to amend without explanation is typically regarded as an abuse of discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules"). However, Ward never presented the motion to amend in a manner that required its disposition, and thus, the district court did not err in denying the Rule 60(b) motion for two reasons: 1) Ward has not shown that the district court made a mistake, and 2) even if it did, Ward has not shown that it lacks culpability in the matter.

---

[1] Although addressed in the Post-Judgment Relief Order, Ward did not argue on appeal that the failure to obtain Rule 15 leave was the product of excusable neglect. Accordingly, we need not analyze this issue.

### A. Failure to establish mistake

Ward has not demonstrated that the district court mistakenly failed to address its motion to amend its complaint to add contract claims. The party seeking relief must present the motion to the court in a manner that makes the motion suitable for adjudication to justify Rule 60 relief. *See PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004), *abrogated on other grounds by Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309 (2011). Here, Ward never properly presented a motion for leave to amend the complaint to add the contract claims to the district court until it filed the Post-Judgment Relief Motion, which, as stated above, the district court rightly denied for failure to first obtain Rule 60 relief.

Ward counters that it moved to amend the complaint on numerous other occasions. It asserts that the following excerpt from its brief opposing the Motion to Dismiss constituted a general motion for leave to amend:

> While Ward's position is that the allegations in the current Complaint are sufficient, in the event that the Court disagrees, Ward requests that the Court grant leave to amend pursuant to Fed. R. Civ. P. 15(a)(2) . . . . [S]uch amendment would not be futile, as Ward is able to provide additional specific factual details regarding its fraud in the inducement claim.

Ward then provided some additional information contained within affidavits that support the tort and RICO claims already before the court. Later, Ward explains, "The Complaint as drafted sufficiently gives Defendant notice of the nature of the RICO claims and the other claims against them. . . . However, in the event that the Court disagrees, Ward requests the opportunity to amend its RICO claims to state the facts explained herein more clearly."

We agree with the district court that these statements do not represent a motion to amend the complaint to add contract claims. For one, "[a] request for leave to amend 'almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is

. . . not a motion to amend.'" *La. Sch. Emps.' Ret. Sys.*, 622 F.3d at 486 (quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000)). A properly filed motion for leave complete with an indication of the grounds upon which the amendment is sought and the general contents of the amendment is preferable. *PR Diamonds, Inc.*, 364 F.3d at 699. None of these items are present in the above-cited material pertaining to the contract claims. As this Court has previously stated,

> Had plaintiff[] filed a motion to amend the complaint prior to th[e] Court's consideration of the motion[] to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court would have considered the motion[] to dismiss in light of the proposed amendments to the complaint. . . . Absent such a motion, however, Defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). *Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies* of the complaint and then an opportunity to cure those deficiencies.

*Begala*, 214 F.3d at 784. Moreover, even if these statements could be considered a proper motion for leave to amend, an anecdotal motion found in an opposition brief that is intended to shore up factual assertions for claims already presented does not constitute a generalized motion to amend the complaint to add any claim. The district court properly refused to consider this a motion for leave to amend to add contract claims.

Ward retorts that during oral argument on the Motion to Dismiss, it clarified that it sought to add contract claims. In support, it cites the following portion of the transcript:

> So . . . we didn't draft this complaint and leave out a contract claim because we were just ignorant and we didn't know the law and didn't know what we were doing. We didn't have a contract because there was no contract, and we believe there was no contract. Now we could have and may amend to add an alternative inconsistent argument which the Court would accept to say well, we don't believe there is a contract, but if someone believes there is, then there is a contract claim. We didn't do that because we didn't want to confuse the Court at the motion to dismiss that we thought we would be getting. So we do not believe there is a contract because there are no – there was no meeting of the minds.

Far from clarifying that Ward sought leave to amend to add a contract claim, this argument explains that omitting the contract claims from the complaint was intentional, and that Ward may seek leave to amend the complaint to add those claims at some future date. Indeed, these statements bolster the district court's determination that the leave to amend presented in the opposition brief did not relate to the contract claims. Ward's decision to omit the contract claims was deliberate, and "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *Fed.'s Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977).

Ward argues that it also sought leave to amend the complaint in its response to the Motion to Reopen. In that brief, Ward argued that the arbitration provision of the Co-Employment Agreement covered the contractual dispute, and that the district court should deny the Motion to Reopen, so that the claims could proceed before the arbitrator. If the court was not so inclined, Ward then proposed the following alternative:

> In the event that the Court determines that the parties' contractual dispute is outside the scope of the arbitration provision in the parties' contract, the Court should set aside the Judgment pursuant to Fed. R. Civ. P. 60(b) and allow Plaintiff to file a single-count Amended Complaint for breach of contract.

The district court denied the Motion to Reopen, declining jurisdiction over the motion and finding that "the interpretation of the scope of the arbitration clause and therefore the applicability of res judicata is a matter first for the arbitrator." Having decided to deny the motion and effectively keep the litigation closed, the district court was not obliged to respond to Ward's alternative request to set aside the judgment and permit the filing of an amended

complaint.[2] The court would have had to reopen the case in order to address this request, but it had already declined to do so on jurisdictional grounds. The request for leave to amend was therefore not properly before the court. Moreover, the precondition Ward established to trigger the request never came to fruition – the district court never found that the contract claims were not arbitrable.

Ward's claims that it moved to amend the complaint on multiple occasions are without merit. The district court thus did not mistakenly fail to address the amendment request or abuse its discretion in declining to grant Ward Rule 60(b) relief on the grounds of mistake.

## B. Failure to demonstrate a lack of culpability

As stated above, *Yeschick* demands that courts consider three factors when determining whether Rule 60(b) relief is available, and "[a] party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Yeschick*, 675 F.3d at 628-29. "A party's conduct is culpable if it display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (internal quotation omitted). In this case, Ward displayed a reckless disregard for the effect of its strategic decisions on the litigation. By omitting contract claims from the original complaint and refraining from properly moving to amend the complaint in order to await the court's decision as to whether a contract existed, Ward sought to use the district court as a mere audience for its legal theories rather than as a dispositive adjudicatory

---

[2] Ward cites to the transcript of the oral argument on the Motion to Reopen in further support of its position. However, the portion of the transcript referenced in Ward's brief actually relates that the district court never ruled on the specific contractual issues; it just ruled that there was a contract. This meant that Ward could have brought the contract claims in this forum. This line of reasoning does not translate into a distinct motion for leave to amend the complaint, and, further, does not obligate the district court to rule on the alternative request for relief presented in Ward's response to the Motion to Reopen. The remainder of the oral argument does not cure this deficiency.

authority. *See Leisure Caviar, LLC*, 616 F.3d at 616. District courts are not meant to serve as sounding boards for wary attorneys and are more than capable of discerning between alternative theories of recovery.

"[I]n the post-judgment context, we must be particularly mindful of . . . the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Neither misguided strategic decisions nor attorney misinterpretation of the law serves as grounds for relief under Rule 60. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 593 (6th Cir. 2002); *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 684-85 (6th Cir. 1999). Ward's explanations for its failure to properly present a motion for leave to amend do not obviate its own culpability in the matter.

Ward squarely places the blame on the district court. However, Ward admitted it knew that this case could concern contractual disputes, yet it chose to omit those claims. Ward admitted it knew of the possibility of amending the complaint, but it chose to wait to see whether the court considered the Co-Employment Agreement a contract before asserting those claims. Those decisions led to Ward's failure to obtain leave to amend. *McCurry*, 298 F.3d at 593.

Permitting amendment where Ward is so obviously responsible for the alleged mistake at issue would undermine the policy demands of Rule 60, which necessarily balance justice with interests in litigation finality. *See Leisure Caviar, LLC*, 616 F.3d at 616 (warning that with "a permissive amendment policy . . . , plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision" (internal quotation marks omitted)). We thus find that Ward was responsible for the alleged mistake by attempting to use the judicial process to his advantage.

Ward's culpability weighs heavily against granting Rule 60 relief. Given that Ward was unable to show a mistake or to prove its lack of culpability, the district court did not abuse its discretion in denying Rule 60 relief, especially in light of the court's interest in protecting the finality of judgments.[3]

## III. MOTION FOR RECONSIDERATION

Lastly, Ward argues that the district court erred in denying its Local Rule 7.1(h) motion. We review motions for reconsideration under Local Rule 7.1 for abuse of discretion. *Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011).

According to Local Rule 7.1(h), the district court has discretion to permit reconsideration of an issue where the movant shows "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and "that correcting the defect will result in a different disposition of the case." E.D. MICH. L.R. 7.1(h)(3). By only addressing one of the forms of relief Ward proposed in its response to the Motion to Reopen–that is, denial of the motion–Ward posits that the district court committed an error in its Reopen Order to be remedied under Local Rule 7.1(h). However, the district court found that Ward failed to show a palpable defect in the Reopen Order.

Ward claims that the district court's failure to address the request for leave to amend was a palpable defect, because 1) Ward had previously requested the amendment in its response to the Motion to Dismiss, and 2) the district court's dicta in the Reopen Order had a chilling effect on the arbitrator. According to the second reason, the Reopen Order actually represented a

---

[3] In addition, Ward appeals to the principles of equity in support of its Rule 60 arguments, based in large part on the content of the Reopen Order, which included Judge Steeh's opinion as to how the arbitration action should be decided. Ward argues that Judge Steeh's dicta had a chilling effect on the arbitrator, as evidenced in the citations to the Reopen Order found in the arbitrator's decision. However, the speculative effects of dicta on a proceeding in a different forum do not mandate a different result in this case.

victory for Outsource Solutions, even though the district court technically denied its motion, because the dicta encouraged the arbitrator to dismiss its contract claims.

The court is not persuaded that the district court's failure to address the request for leave to amend represents a palpable defect. For the reasons stated above, Ward had not previously moved for leave to amend the complaint to add contract claims at the Motion to Dismiss stage, and the district court was under no imperative to rule on the request in response to the Motion to Reopen, especially where, as here, it granted the principal outcome Ward sought. Furthermore, conjecture as to the effect of the district court's dicta has no bearing on the district court's logical choice not to address the motion for leave to amend. The district court did not abuse its discretion in denying the Local Rule 7.1(h) motion.

**AFFIRMED.**