# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2012

No. 11-20458
Summary Calendar

Lyle W. Cayce
Clerk

NANTWI BUCKMIRE,

Plaintiff – Appellant

v.

MEMORIAL HERMANN HEALTHCARE SYSTEM INCORPORATED,

Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 4:09-CV-2961-H

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following his discharge, Nantwi Buckmire ("Buckmire") sued his employer, Memorial Hermann Healthcare System Incorporated ("Memorial Hermann"), claiming racial discrimination and retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission. After discovery closed, Memorial Hermann filed a motion for summary judgment. The district court found (and Buckmire does not dispute) that his attorney received

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20458

the motion and notice of its filing. However, she contends that she forgot to "calendar" the deadline for a response. After that deadline passed with no response, the district court reviewed Memorial Hermann's motion and granted it. Thereafter, Buckmire filed a Federal Rule of Civil Procedure 60(b)(1) motion, contending that his attorney's calendaring error constituted "excusable neglect."

The district court denied Buckmire's motion, and Buckmire appeals only that decision (not the underlying judgment). *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (an appeal of a Rule 60(b) order "does not bring up the underlying judgment for review") (internal quotation marks and citations omitted). Review is for abuse of discretion. *See id.*; *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc). Buckmire has failed to show that the district court abused its discretion in denying his Rule 60(b) motion. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-57 (5th Cir. 1993) ("Denial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse of discretion when the proffered justification for relief is the 'inadvertent mistake' of counsel. Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief.") (footnotes omitted); *see also Bynum v. Ussin*, 410 F. App'x 808, 811 (5th Cir. 2011) (unpublished) (finding no abuse of discretion in district court's denial of Rule 60(b)(1) relief to an attorney who "admit[ted] that he overlooked his responsibilities when he failed to timely file a response").[1]

AFFIRMED.

---

[1] *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397-98 (1993) does not compel a different result. There, the Court made clear that mistakes of counsel can and should be attributed to the client in a civil case. The key distinguishing feature of that case was that the bankruptcy proof of claim bar date was not known to counsel and was contained in a poorly labeled and "unusual form of notice," thus making counsel's neglect "excusable." *Id.*