# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 23, 2013

No. 12-11219
Summary Calendar

Lyle W. Cayce
Clerk

WAYNE BRITTINGHAM; TANYA BRITTINGHAM,

Plaintiffs - Appellants

v.

WELLS FARGO BANK, N.A.; FEDERAL HOME LOAN MORTGAGE
CORPORATION,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-323

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Wayne and Tanya Brittingham ("Plaintiffs") appeal both the district court's grant of summary judgment in favor of Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation (collectively, "Defendants") on their various state law claims and the district court's denial of their motion for relief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-11219

pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").[1] We DISMISS their appeal of the district court's summary judgment order and final judgment and AFFIRM the district court's denial of their Rule 60(b) motion.

## I. Background

This lawsuit arose from the foreclosure of a mortgage on a property Plaintiffs financed through Wells Fargo. Originally filed in state court, Defendants removed the action to federal court and moved for summary judgment.

On July 31, 2012, the district court granted summary judgment in favor of Defendants and entered final judgment, dismissing each of Plaintiffs' claims with prejudice. Pursuant to Rule 60(b), Plaintiffs filed a motion for relief on September 23, 2012, which the district court denied on November 8, 2012. Plaintiffs appealed the district court's grant of summary judgment and denial of Rule 60(b) relief on December 7, 2012. Defendants moved to dismiss the appeal for lack of jurisdiction.

## II. Summary Judgment Order

To the extent that Plaintiffs appeal the district court's grant of summary judgment, we DISMISS their appeal for lack of jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 209-10 (2007). Plaintiffs failed to appeal the grant of summary judgment within the time required by Federal Rule of Appellate Procedure 4(a)(1). Their motion for Rule 60(b) relief did not extend the time to appeal the district court's grant of summary judgment, because Plaintiffs did not move for Rule 60(b) relief within twenty-eight days of the grant of summary judgment. *See* FED. R. APP. P. 4(a)(4)(A)(vi). Because their appeal was not

---

[1] While Plaintiffs primarily focus in their brief on the district court's grant of summary judgment, they maintain that they are "technically" appealing only the district court's denial of their Rule 60(b) motion. However, Plaintiffs' notice of appeal makes plain that they are appealing both "the order denying [their Rule 60(b)] motion" *and* "the judgment dismissing [Plaintiffs'] case with prejudice."

No. 12-11219

timely, we have no jurisdiction to review the summary judgment. *See Bowles*, 551 U.S. at 209 ("This Court has long held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." (internal quotation marks omitted)); *see also Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996) ("[A]n appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review.").[2]

### III. Rule 60(b) Order

Plaintiffs' appeal was timely as to the denial of Rule 60(b) relief, so we address that question on the merits. "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc). Plaintiffs argue that the district court abused its discretion in denying them relief under Rule 60(b)(1) and Rule 60(b)(6).

Rule 60(b)(1) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding," on the grounds of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Plaintiffs argue that their failure to file a timely motion to reconsider and vacate the summary judgment order due to a "calendar error" at their counsel's firm constitutes "excusable neglect."

We have previously held that a district court does not abuse its discretion when it denies a Rule 60(b)(1) motion where the proffered justification for relief is the careless mistake of counsel. *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356-57 (5th Cir. 1993). "In fact, a court *would* abuse its

---

[2] Plaintiffs did not seek to extend the time for appeal by filing a motion under Federal Rule of Appellate Procedure 4(a)(5). Instead, they sought to challenge the underlying judgment, which is properly a matter of Rule 60(b), but does not extend the time for filing an appeal of the original judgment. *See Dunn v. Cockrell*, 302 F.3d 491, 493-94 (5th Cir. 2002) ("Our cases sensibly refuse to allow a litigant to circumvent [Rule 4(a)(5)] by invoking Rule 60(b) solely for the purpose of extending the time to appeal.").

No. 12-11219

discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* at 357 (emphasis added); *see also Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 F. App'x 431, 432 (5th Cir. 2012) (affirming district court's ruling that an attorney's failure to calendar a court deadline did not constitute "excusable neglect")[3] (unpublished).  Accordingly, we cannot conclude that the district court abused its discretion in denying Rule 60(b)(1) relief.[4]

Plaintiffs also seek relief under Rule 60(b)(6).  However, "the catch-all clause of Rule 60(b)(6) cannot be invoked when relief is sought under one of the other grounds enumerated in Rule 60." *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002) (quotation marks omitted).  Thus, it was not an abuse of discretion to deny Rule 60(b)(6) relief.

Plaintiffs' appeal of the summary judgment order and final judgment is DISMISSED, and the  district court's order denying Rule 60(b) relief is AFFIRMED.

---

[3] As *Buckmire* explains, *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397-98 (1993), does not mandate relief for all attorney mistakes, only "excusable" neglect. 456 F. App'x at 432 n.1.

[4] Plaintiffs assert that they should not be penalized for the careless mistake of their counsel.  However, "it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client," especially "where the timeliness of postjudgment filings is concerned." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 82 S. Ct. 1386, 1390 & n.10 (1962).