# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30602
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2018

Lyle W. Cayce
Clerk

AUDREY RAYFORD; DARRYL RAYFORD,

      Plaintiffs - Appellants

v.

KARL STORZ ENDOSCOPY AMERICA, INCORPORATED; KARL STORZ
ENDOVISION, INCORPORATED,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:15-CV-2835

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.

PER CURIAM:*

      Audrey Rayford sued Karl Storz Endoscopy-America, Inc. and Karl Storz Endovision, Inc. (collectively the "Storz Defendants") under the Louisiana Products Liability Act for complications following a uterine surgery. Storz filed a summary judgment motion, which the court granted after receiving no reply from Rayford. A week later, Rayford responded by filing a motion under Rule

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30602

60(b) of the Federal Rules of Civil Procedure to vacate the judgment. The district court denied the motion, and Rayford now appeals. Because the district court did not abuse its discretion, we AFFIRM.

I.

Rayford sued the Storz Defendants for complications arising after she received uterine surgery. On March 7, 2018, after two-and-a-half years of litigation, the Storz Defendants filed a motion for summary judgment. A day later, the district court sent out a notice requiring any party opposing the motion to file a response within twenty-one days.[1] Rayford did not respond. So, on April 3, the district court granted the motion for summary judgment with a full opinion addressing the merits of the case.

A week later, Rayford's counsel filed a Rule 60(b) motion to vacate the judgment. Rayford's counsel claimed that he missed the deadline because a paralegal unexpectedly quit and did not calendar the deadline. He also claims that he has an illness that prevents him from visiting the office. The district court denied the motion. Rayford now appeals.

II.

The "decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc); *see also Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 373-74 (5th Cir. 2013) (per curiam) (unpublished). Here, Rayford argues that the district court abused its discretion by denying her relief under Rules 60(b)(1) and 60(b)(6).

---

[1] The motion for summary judgment came a day before the dispositive motion deadline that the court set over 6 months before, on August 16, 2017.

No. 18-30602

Rule 60(b)(1) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding," on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiffs argue that their failure to file a timely motion to reconsider and vacate the summary judgment order due to a paralegal's sudden exit and failure to calendar the summary judgment deadline constitutes "excusable neglect." This argument is unavailing.

A district court does not abuse its discretion when it denies a Rule 60(b)(1) motion due to the "careless mistake of counsel." *Brittingham*, 543 F. App'x at 374 (per curiam) (unpublished); *see also Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356-57 (5th Cir. 1993). In fact, our case law establishes the opposite: "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co., Inc.*, 6 F.3d at 357.

Calendaring errors and mistakes about deadlines qualify as a careless mistake of counsel, as we have held numerous times, both before and after the Supreme Court's ruling in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). *See, e.g.*, *Brittingham*, 543 F. App'x at 374 (per curiam) (affirming the district court's ruling that a "calendar error" is not excusable neglect) (unpublished); *Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 Fed. App'x 431, 432 (5th Cir. 2012) (per curiam) (affirming the district court's ruling that an attorney's failure to calendar a court deadline is not excusable neglect) (unpublished); *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471 (5th Cir. 1989) (affirming the district court's ruling that being unaware of "pending summary judgment motions" did not constitute excusable neglect). Accordingly, we cannot conclude that the district court abused its discretion in denying Rule 60(b)(1) relief.

3

No. 18-30602

Plaintiffs also seek relief under Rule 60(b)(6). Subsection (6) is a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Courts should only grant Rule 60(b)(6) motions "if extraordinary circumstances are present." *Id.* (internal citation and quotation marks omitted). Missing a deadline, however, is not an extraordinary circumstance. *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 537 (2005) (concluding that a litigant's "lack of diligence" makes the circumstances "all the less extraordinary"). Thus, it was not an abuse of discretion to deny Rule 60(b)(6) relief.

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.