NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0504n.06

Case No. 24-1426

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

SONJA M. OVERALL, Individually and
Personal Representative of the Estate of Eric
Brian Overall,

      Plaintiff-Appellant,

v.

OAKLAND COUNTY, MICHIGAN; LAPEER
COUNTY, MICHIGAN; DEPUTY KENNETH
A. PAUL; CHRISTOPHER J. BOSHELL;
CHRISTOPHER BOWMAN; HARRY G.
LUTZE; CHRISTOPHER J. BERAK,

      Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED

Oct 29, 2025

KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

OPINION

Before: SUTTON, Chief Judge; CLAY and GIBBONS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Plaintiff-appellant Sonja M. Overall, individually and as personal representative of the Estate of Eric Brian Overall, appeals the denial of her motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Sonja M. Overall commenced this litigation after Eric Overall's tragic death on November 23, 2017. Before his death, Eric Overall served as a deputy at the Oakland County Sheriff's Department. Eric Overall was killed in the line of duty while assisting Lapeer County deputies engaged in a vehicular pursuit of Christopher J. Berak. While Eric Overall was setting up stop sticks to detain Berak's vehicle, Berak drove into him and killed him. Sonja M. Overall ("Overall") sued Oakland, Lapeer, and Genesee Counties, Kenneth Paul, Christopher Boshell, Christopher Bowman, Harry Lutze, and Berak.

On September 18, 2023, Overall appealed from the district court's April 26 order granting summary judgment and from the August 7 judgment. Our court dismissed Overall's appeal as untimely under Federal Rule of Appellate Procedure 4(a)(1) and rejected her claim that the August 7 judgment was not final. Overall moved under Rule 60(b)(1) for re-entry of the final judgment based on her counsel's failure to timely file that appeal. The district court denied the Rule 60(b) motion and Overall timely appealed.

Overall argues that the district court abused its discretion by failing to apply the correct law. *See In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008). We disagree. The court properly applied our precedent to find that Overall's counsel's mistake was not an excusable litigation mistake and did not warrant relief. *See FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 684–85 (6th Cir. 1999). Further, the court did not err by failing to discuss *Kemp v. United States*, because that case held that a judge's mistake may warrant relief under Rule 60(b)(1)—not that a counsel's mistake always warrants relief. *See* 596 U.S. 528, 534–39 (2022).

We affirm the district court's denial of Overall's Rule 60(b) motion.

## I.

Sonja M. Overall commenced this action against Oakland, Lapeer, and Genesee Counties, Kenneth Paul, Christopher Boshell, Christopher Bowman, and Harry Lutze ("Lapeer County officers"), and Berak following Eric Overall's tragic death during the pursuit of Berak. After police observed Berak acting erratically, Berak fled by car and drew the individual law enforcement defendants into a high-speed, nighttime pursuit.

One non-party officer requested that Oakland County set up stop sticks to halt Berak's vehicle. Eric Overall was in his police vehicle near the pursuit when a dispatcher relayed the

request, and his dashcam video captured him leaving his vehicle to deploy stop sticks near where Berak was approaching. Upon reaching the intersection, Berak braked, steered his vehicle to the right of the roadway, and struck Eric Overall, resulting in his death. Berak was convicted of first-degree murder in the Oakland County Circuit Court for Eric Overall's death, and Sonja M. Overall ("Overall") brought this suit.

Overall asserted claims against Lapeer, Oakland, and Genesee Counties under 42 U.S.C. § 1983 for violating Eric Overall's rights under the Fifth and Fourteenth Amendments of the U.S. Constitution and Article 1, Section 7 of the Constitution of the State of Michigan. Overall also asserted gross negligence claims under Michigan law against Paul, Boshell, Bowman, and Lutze. As the district court noted, it was initially unclear what claim or claims Overall asserted against Berak, but following a hearing on March 30, 2023, Overall seemed to confirm that she asserted a negligence claim against him.

On September 26, 2022, the district court entered a stipulated order dismissing Overall's claims against Genesee County with prejudice. As of that order, all other defendants remained: Oakland County, Lapeer County, the four Lapeer County officers, and Berak. Following the close of discovery, the district court on April 26, 2023, granted summary judgment in favor of Oakland County, Lapeer County, and the four Lapeer County officers.

As of April 26, 2023, Berak was the sole defendant. On July 24, 2023, the district court entered a stipulated order dismissing Overall's claim against Berak without prejudice. In this stipulated order, the court stated that the "order resolves the last pending claim and closes the case." No. 2:20-cv-12869, DE 201, Parties' Stipulated Order to Dismiss, Page ID 7995.

The district court entered the judgment in favor of Oakland and Lapeer Counties, Paul, Boshell, Bowman, and Lutze on August 7, 2023. Indeed, the August 7 judgment referenced the

"Opinion and Order issued on April 26, 2023," which "granted summary judgment" as to Oakland and Lapeer Counties, Paul, Boshell, Bowman, and Lutze. No. 2:20-cv-12869, DE 203, Judgment, Page ID 8009. The August 7 judgment also noted that the stipulated order on July 24, 2023, had dismissed Overall's claim against Berak, "the last claim in this case." *Id.*

Overall appealed from the April 26 order granting summary judgment and the August 7 judgment on September 18, 2023. She stated in her notice of appeal that the plaintiffs "[a]ppeal . . . from the Final Judgment (ECF 203) entered in this case on August 7, 2023, in its entirety." No. 2:20-cv-12869, DE 204, Pls.' Notice of Appeal, Page ID 8011. Overall then moved the district court to comply with Federal Rule of Civil Procedure 58 by entering a "Final Judgment disposing of all parties and claims . . . to eliminate any confusion as to when Plaintiff's time to file an appeal expires under [Federal Rule of Appellate Procedure] 4(a)(1)(A)," and "[i]n the event the Court determines [the August 7 judgment] is a final judgment," to grant her relief under Federal Rule of Civil Procedure 60(b). No. 2:20-cv-12869, DE 208, Pls.' Mot., Page ID 8037–38 (emphasis removed); *see* Fed. R. App. P. 4(a)(1)(A); Fed. R. Civ. P. 60(b).

A prior panel of our court dismissed Overall's appeal as untimely under Federal Rule of Appellate Procedure 4(a)(1), and rejected her argument that the August 7 judgment failed to satisfy Federal Rule of Civil Procedure 58(a). We reasoned that Rule 58 is meant to protect appellants who file an untimely appeal because of an unclearly identified final judgment, but Overall "was not confused" as to whether the document was a final judgment and even referred to it as a final judgment. No. 23-1861, CA6 R. 27, Order, at 2; *see* Fed. R. Civ. P. 58. The district court denied Overall's motion as moot after our order and judgment. Overall persisted, moving the district court under Rule 60(b)(1) "for a re-entry of Final Judgment" based on Overall's counsel's mistake

in the "untimely calendaring and then filing of its appeal." No. 2:20-cv-12869, DE 216, Pls.' Mot., Page ID 8192, 8196.

The district court denied Overall's motion. The court reasoned that it would not grant such relief because Rule 60(b) should not be used "to allow Plaintiff to circumvent Rule 4's time limits for filing a notice of appeal." No. 2:20-cv-12869, DE 220, Op. & Order Den. Pls.' Mot., Page ID 8246. It stated that Overall's counsel's mistake "does not warrant the relief" that Overall seeks. *Id.* at 8247. Overall appealed from this denial, and Lapeer County and the four Lapeer County officers moved to dismiss her appeal for lack of jurisdiction. Our court denied the motion to dismiss Overall's appeal, which we decide here.

## II.

The only issue that Overall raises in this appeal is whether the district court improperly denied her Rule 60(b) motion on the grounds that it lacked authority to grant relief for the mistake that Overall asserted.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012). A district court abuses its discretion if it commits "a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Ferro Corp.*, 511 F.3d at 623. In reviewing the district court's denial of a Rule 60(b) motion, we do not consider the underlying judgment from which the party sought relief. *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995). Rather, we ask "whether one of the specified circumstances exists in which [the movant] is entitled to reopen the merits of his [or her] underlying claims." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (internal citation omitted).

**III.**

Overall contends that the district court erred in denying her Rule 60(b) motion because it "impermissibly narrow[ed] the criteria [for] what may be considered a mistake" under Rule 60(b)(1) after the Supreme Court's ruling in *Kemp*. No. 24-1426, CA6 R. 18-1, Appellant Br., at 12. But Overall's emphasis on *Kemp* is unpersuasive. Overall does not meaningfully address our precedent on what kinds of "mistake[s]" warrant relief under Rule 60(b)(1). She argues that the district court erred because it failed to consider *Kemp*, which held that the term "mistake" in Rule 60(b)(1) includes judicial errors of law and, broadly, covers a mistake of fact or law by a party or judge. *See Kemp*, 596 U.S. at 533–37, 539. Overall implies that the district court abused its discretion by failing to apply correct legal precedent. *See Ferro Corp.*, 511 F.3d at 623.

We disagree. The district court correctly decided that Overall was not entitled to relief under Rule 60(b)(1).

**A.**

Overall moved for relief under Rule 60(b)(1) based on "mistake" after her counsel failed to file a timely appeal from the August 7 judgment. Overall states that her counsel believed that the district court's judgment was not yet final, so it did not trigger the time limits under Appellate Rule 4. Overall's counsel filed the notice of appeal on September 18, forty-two days after the final judgment on August 7, well over the thirty-day limit. *See* Fed. R. App. P. 4(a)(1)(A). Overall did not seek an extension of time. *See id.* at 4(a)(5).

Earlier, we rejected Overall's argument that the district court's August 7 judgment was not clearly final, noting that her very notice of appeal "expressly cites the district court's judgment by date and docket number, and . . . even refers to the document as the court's 'Final Judgment.'" No. 23-1861, CA6 R. 27, Order, at 2. Overall's counsel seemed to believe that, because there was

no final judgment, the September 18 notice of appeal would be deemed "early" and take effect after the entry of an actual final judgment. No. 2:20-cv-12869, DE 216, Pls.' Mot., Page ID 8199; *see* Fed. R. App. P. 4(a)(2). Overall explains that these misunderstandings resulted in "not properly docketing the appeal and date on [her] calendar." No. 24-1426, CA6 R. 18-1, Appellant Br., at 13.

Rule 60(b) affords litigants six avenues for relief from a final judgment. *See* Fed. R. Civ. P. 60(b). Under the rule, a district court "may relieve" a party or her representative from a final judgment "[o]n motion and just terms" for one of several reasons. *Id.* Relevant here, the first basis on which a party may attempt to seek relief is "mistake, inadvertence, surprise, or excusable neglect." *Id.* at 60(b)(1). The Advisory Committee Note to the 1946 Amendment to Rule 60(b) states that the rule "does not assume to define the substantive law as to the grounds for vacating judgments, but merely prescribes the practice in proceedings to obtain relief." Public policy limits relief under Rule 60(b) to promote "finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal citation omitted).

Compliance with the deadline to file a federal appeal under Rule 4(a)(1) is "mandatory and jurisdictional." *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir. 1989) (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988)). Under Rule 4, a party must typically file a notice of appeal with the district clerk "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Rule 4 allows a party to seek an extension no later than thirty days from this deadline. *Id.* at 4(a)(5). The rule also allows a district court, under certain circumstances, to "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered." *Id.* at 4(a)(6). If a party files a notice of appeal "after the court announces a decision

or order[,] but before the entry of the judgment or order," then the notice of appeal is deemed "filed on the date of and after the entry." *Id.* at 4(a)(2).

Assertions of "mistake" under Rule 60(b)(1) are limited by the rules governing federal appeals. Parties may not retool a Rule 60(b) motion into a "substitute for an appeal." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). To even consider allowing a Rule 60(b) motion to circumvent the strict jurisdictional deadlines for appeals would "open a back door" for parties who failed to timely appeal. *Broach v. City of Cincinnati*, 244 F. App'x 729, 732 (6th Cir. 2007). Indeed, we have emphasized that a motion under Rule 60(b)(1) based on an unreasonable mistake must fail. *See id.* at 734–35; *Cacevic*, 226 F.3d at 490–91; *FHC Equities*, 188 F.3d at 684–87. Other circuits agree that Rule 60(b) relief cannot be based on a mistake rooted in "counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993); *see also Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576–77 (10th Cir. 1996).

We have already affirmed a district court's denial of Rule 60(b)(1) relief under circumstances nearly identical to these. In *FHC Equities*, the district court granted summary judgment and entered its final judgment in favor of the defendant. 188 F.3d at 680. Over thirty days from the entry of the judgment, the plaintiff filed a notice of appeal as to the final judgment, which we dismissed for untimeliness. *Id.* As a last resort, the plaintiff moved for relief under Rule 60(b)(1), which the district court denied. *Id.*

On appeal, the plaintiff argued that the district court erred in denying relief based on counsel's "mistaken interpretation of the Federal Rules," emphasizing that it made "substantial efforts . . . to comply with those Rules." *Id.* at 683. We disagreed because an attorney's

misinterpretation of the rules governing federal appeals does not warrant relief under Rule 60(b)(1). *Id.* at 684. "[T]o permit a second bite at the appeal apple" based on an attorney's misinterpretation of clear rules would render "the requirements and limitations of [Rule] 4 . . . meaningless." *Id.* at 687.

*FHC Equities* compels us to affirm the district court. Here, the district court granted summary judgment and entered its final judgment on August 7, specifically confirming that no claims remained in the case. Over thirty days from the entry of this final judgment, Overall filed an untimely notice of appeal, which we dismissed. Overall then moved for relief under Rule 60(b)(1), which the district court denied—not because an attorney's error can never give rise to relief under Rule 60(b)(1), but because Overall's claim of attorney error could not.

Like the plaintiff in *FHC Equities*, Overall appealed from the denial of her motion for relief based on "mistake." *See* 188 F.3d at 683. Her counsel mistakenly interpreted the August 7 judgment not to be final, and believed that the Federal Rules of Appellate Procedure would permit her notice of appeal to take effect upon the entry of a final judgment. *See* Fed. R. App. P. 4(a)(2).

Our reasoning then drives our decision today: We decline to let a claim of an attorney's inexcusable factual or legal error circumvent the rules governing federal appeals. *See FHC Equities*, 188 F.3d at 687. Overall asserts that her counsel's mistake resulted from "good faith confusion," and not "carelessness," "neglect," or intentional delay. No. 24-1426, CA6 R. 37, Reply Br., at 14. We have already determined that Overall's counsel "was not confused" as to whether the August 7 judgment was a final judgment. No. 23-1861, CA6 R. 27, Order, at 2. And "good faith confusion" does not validate a mistake as excusable. *See FHC Equities*, 188 F.3d at 684–87; *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594 (6th Cir. 2002) ("If [the parties'] former attorney was mistaken as to the governing law and his clients relied

upon this mistaken advice, *FHC Equities* precludes the use of Rule 60(b)(1) to relieve [the parties] of the consequences of this error."); *see also Broach*, 244 F. App'x at 734; *Cacevic*, 226 F.3d at 490–91.

Because the August 7 judgment was unquestionably final, we likewise reject Overall's claim that her counsel's mistake did not reflect carelessness or neglect. By August 7, 2023, no claims remained: The stipulated order on September 26, 2022, dismissed all claims against Genesee County; the stipulated order on July 24, 2023, dismissed the sole claim against Berak; and the August 7 judgment confirmed that no claims remained against Oakland and Lapeer Counties, Paul, Boshell, Bowman, and Lutze.

Overall's claimed error is less justifiable than the error in *FHC Equities*. There, counsel believed that Federal Rule of Civil Procedure 6(e) extended by three days the window to file a Rule 59(e) motion, and therefore thought the motion was timely. *FHC Equities*, 188 F.3d at 680. Because a timely Rule 59(e) motion "toll[s] the time for appeal" until the court rules on it, the counsel believed the original appeal's clock would be tolled. *Id.* at 680–81. Although the counsel's belief was controverted by law, he believed that Rule 6(e) applied to a Rule 59(e) motion because he had researched the applicability of Rule 6(e) to Rule 72(a), and both Rule 72(a) and 59(e) involved a ten-day limit. *Id.* at 684. There was no Sixth Circuit precedent on the issue, but other circuits had rejected his reasoning. *Id.* We held that the counsel's mistake was unreasonable because Rule 72(a) differs significantly from Rule 59(e) in its text, and Rule 6(e) clearly did not apply to the latter. *Id.* at 684–85.

A movant's failure to understand that a judgment expressly disposing of the last claim in a case is in fact "final" lies at the far end of inexcusability. The August 7 judgment followed the April 26 order granting summary judgment as to all defendants besides Genesee County (already

dismissed), and followed the parties' July 24 dismissal of Berak. So no claims, defendants, or other pending items remained by the end of July. The district court even stated in its judgment that all claims in the case had been resolved. Overall attempts to relitigate whether the judgment was ambiguous for not comporting with Rule 58(a)'s separate document requirement. But we already rejected this argument, stating that the district court clearly indicated that its judgment was final. There was no basis to doubt that the clock would begin to run upon the entry of the August 7 judgment. *See* Fed. R. App. P. 4(a)(1)(A).

Overall's mistake is especially unreasonable because her own notice of appeal reflects full knowledge of the August 7 judgment's finality. Overall stated in her untimely notice that the plaintiffs appeal "from the Final Judgment (ECF 203) entered in this case on August 7, 2023, in its entirety." No. 2:20-cv-12869, DE 204, Pls.' Notice of Appeal, Page ID 8011. She now attempts to explain that describing the judgment as "final" did not mean that her counsel understood its "finality implications." No. 24-1426, CA6 R. 37, Reply Br., at 11 ("The fact that Plaintiff accurately referenced the judgment in her notice of appeal does not mean her counsel correctly understood the finality implications under Rule 58, or that a mistake was made by counsel."). Upon including that phrase in Overall's notice of appeal, Overall's counsel must have known that the August 7 judgment was final, both because she was involved in the case and knew that no claims remained, and because the August 7 judgment indicated that it disposed of the last claim in the case.

Overall's mistake therefore fails to warrant relief under Rule 60(b)(1). *See FHC Equities*, 188 F.3d at 684–85; *see also Cacevic*, 226 F.3d at 491 (explaining that missing a deadline is inexcusable neglect that does not warrant relief under Rule 60(b)); *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 471 (5th Cir. 1998) ("Courts should not grant relief when the moving party has

not been diligent in protecting its own rights by filing an appeal from an adverse judgment." (internal citation omitted)); *Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 374 (5th Cir. 2013) ("In fact, a court *would* abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." (internal citation omitted)). Therefore, the district court did not abuse its discretion in deciding that a claim of attorney error like Overall's does not warrant relief under Rule 60(b)(1).

**B.**

Rather than address our relevant cases concerning Rule 60(b) relief, Overall argues most vigorously that we should decide this appeal under *Kemp*. She suggests that the district court abused its discretion by contradicting *Kemp* because it viewed her counsel's mistake as ineligible for relief under Rule 60(b)(1). But the district court did not state that an attorney's error can never constitute a "mistake"—only that Overall's counsel's "mistake" did not warrant relief. Overall conflates the law governing what errors may qualify as a "mistake"—the subject of *Kemp*—with the law governing when a "mistake" warrants relief—the subject of *FHC Equities*. *See Kemp*, 596 U.S. at 534–39 (holding that "mistake" includes judicial errors of law, and may include an attorney's or judge's errors of fact or law); *FHC Equities*, 118 F.3d at 684–85 (holding that an attorney's inexcusable litigation error does not warrant relief under Rule 60(b)(1)).

In *Kemp*, the Supreme Court endorsed a broad reading of the types of errors eligible to be deemed a "mistake" under Rule 60(b)(1). *See* 596 U.S. at 534–36. The term "mistake" includes mistakes of law or fact, whether by parties, counsel, or judges, and is not limited to "obvious" legal errors. *Id.* The Court rejected arguments that "mistake" excludes entire classes of error, such as judges' errors or non-obvious legal errors. *Id.* Indeed, it urged a broad definition of "mistake"

given the word's ordinary meaning, the drafters' intent in writing Rule 60(b), and the rule's legislative and judicial history. *Id.* at 534–39.

But the Court never implied that a wider interpretation of the term "mistake" lowers the bar a movant must meet to obtain relief under Rule 60(b). *See id.* An attorney's or judge's error may be viewed as a "mistake" under Rule 60(b)(1), but *Kemp* did not grant litigants a blank check to obtain relief based on any "mistake." *See id.* Prior to *Kemp*, a party might have failed in every instance to argue that Rule 60(b)(1) applies to an attorney's or judge's error. Now, federal courts must not deem these classes of error categorically ineligible to constitute "mistake." *See id.* at 539.

Overall's argument that the district court contravened *Kemp* fails. The district court decided that her counsel's unreasonable error did not warrant Rule 60(b) relief—not that an attorney's error is invariably ineligible for Rule 60(b) relief. *Kemp*'s holding that the term "mistake" in Rule 60(b)(1) may include mistakes of law or fact by a judge does not mean that every mistake of law or fact by a party automatically entitles a movant to relief under Rule 60(b). *See* 596 U.S. at 534–39. The district court did not flout this interpretation. Rather, it correctly determined that a claim of attorney error like Overall's fails under Rule 60(b) because *FHC Equities* prevents the use of an unreasonable mistake to circumvent the strict requirements for appeals. The district court therefore did not abuse its discretion by failing to consider *Kemp*.

**IV.**

For the foregoing reasons, we affirm the judgment of the district court.